## The State v. J. W. Hedrick.

1. Indictment against a sheriff for willfully permitting an escape alleged the official character of the defendant, and charged that he, having under his arrest and in his legal custody, one L., a person accused of a felony, "to-wit: He said L. was then and there accused of theft of a pocketbook and United States currency of the value of four

hundred dollars, the property of, and from the possession of him, the said H. (the sheriff himself), did feloniously and willfully permit the said L. to escape," etc. *Held*, that it was error to quash the indictment on the ground that it does not show that the arrest of L. was legal, nor that he had been placed in defendant's custody by legal authority, nor that any accusation had been legally made against L. (Paschal's Digest, Article 1938.)

2. In an indictment against a sheriff for willfully permitting an escape, it would be surplusage to aver the particulars of the crime, arrest or trial of the person whose escape is alleged.

3. The State now has a right of appeal in felony as well as misdemeanor cases. The ruling to the contrary in The State v. Thornton, 32 Texas, 104, is not applicable under the present Constitution of the State, adopted in 1869. (The case of The State v. Wall, *ante* 484, cited by the court.)

APPEAL from Parker. Tried below before the Hon. Charles Soward.

The character of this case and the material facts are clearly indicated in the opinion of the court and in the head-notes.

*W. Alexander, Attorney General,* for the State.

*A. J. Hood,* for the appellee, moved to dismiss the appeal, citing State v. Thornton, 32 Texas, 104.

WALKER J.—This was an indictment against a sheriff for permitting a prisoner to escape. The court quashed the indictment for the reason set forth, that it does not, upon its face, show that the arrest of Long (the escaped prisoner), was legal, nor that he had been placed in the custody of the sheriff by legal authority.

It does appear to us that it would be difficult to find the same number of more utterly futile objections than are here thrown together. The sheriff is an officer of the law, a conservator of the peace, and may make arrests in certain cases without any other authority than that which the law imposes upon him. The in-

dictment does declare that the sheriff had the prisoner Long in his' legal custody. It was not only unnecessary, but it would have been improper, and only could have been treated as surplusage, had the pleader averred the particulars of Long's crime and arrest, trial, etc. The language of the indictment is that of Article 313, Penal Code, Paschal's Digest, 1938, "Any sheriff, or other officer who has the legal custody of any person accused or convicted of a felony," etc. But the indictment does set out that Long was accused of a theft of a pocket-book, and U. S. currency, of the value of $400, "the property of, and from the possession of, him the said J. W. Hedrick," etc. As to the motion to dismiss the appeal in this case, it is overruled for the reason given in the case of The State v. Wall.

The judgment of the district court is reversed, and the cause remanded.

REVERSED AND REMANDED.